

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**　　　405 East Eighth Avenue, Suite 2600　　　(541) 431-4050
Virginia H. Denney, Judicial Assistant　　　Eugene, Oregon 97401　　　FAX: (541) 431-4047
Howard J. Newman, Law Clerk

July 8, 2008

Mr. Nathan Leston Skinner
PO Box 398
Lakeside, OR 97449

Ms Gail Geiger
Office of the U. S. Trustee
405 East 8th Avenue, Suite 1100
Eugene, OR 97401

RE:　SKINNER, Nathan Leston; Case No. 08-62335-aer13
　　　Debtor's Motion for Exemption from Credit Counseling Briefing Course and Financial Management Course

Dear Mr. Skinner & Ms Geiger:

　　　This letter is intended to announce my findings of fact and conclusions of law on the above referenced motion.

　　　Prior Case:

　　　Mr. Skinner filed a previous Chapter 13 case with this court on February 22, 2008, pro se. In that case, he filed a Motion for Exemption from Credit Counseling and Financial Management Course based on mental disability for the same reasons stated in the current motion in this case. His motion, in the prior case, was granted without a hearing, however, as the case progressed, it became apparent that the order allowing his motion was entered in error.

　　　Enclosed with this letter is a copy of my letter opinion of June 6, 2008, entered in the prior case, which sets forth, in detail, the factual history of that case and some of my legal conclusions reached, therein.

　　　Discussion:

　　　As stated in the June 6, 2008, letter, 11 U.S.C. § 109(h)(4) applies to exemptions from the credit counseling briefing. It is incorporated into 11 U.S.C. § 727(a)(1) to allow for waiver of the financial management course. Section 109(h)(4) provides as follows:

> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of *incapacity*, disability, or active military duty in a military combat zone. For the purposes of this paragraph, *incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities*; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1). *(emphasis added).*[1]

In my letter of June 6, 2008, I denied Mr. Skinner's motion to reconsider an order dismissing the prior case entered on April 30, 2008. This case was filed, very shortly thereafter, on June 30, 2008.

Based upon my factual findings in the prior case, it is clear that Mr. Skinner does not satisfy the definition of "incapacity" in that it appears he is capable of realizing and making rational decisions with respect to his financial responsibilities. Accordingly, his motion for exemption should be denied and since there has been no certificate of credit counseling filed with this court in this case, this case should be dismissed.

The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated. An order consistent herewith will be entered.

> Very truly yours,
>
> *albert E. Radcliffe*
>
> ALBERT E. RADCLIFFE
> Bankruptcy Judge

AER:vhd

cc:   Mr. Paul Garrick, Trustee's Attorney

---

[1] At least one court has noted, "the purpose of the exemption is to avoid the absurd situation in which a debtor would be required to obtain a briefing even if suffering from Alzheimer's disease or some other disability that would make the briefing meaningless or even impossible." In Re Faircloth, 2006 WL 3731299, n.1 (Bankr. M D N C 2006) (internal citations omitted).